SOLOMON CRAMER & SUMMIT LLP
25 West 39th Street, 7th Floor
New York, NY 10018
(212) 884-9102
solomoncramer.com

August 18, 2026

The Honorable United States District Judge
United District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Lisa Chi v. Epiq eDiscovery Solutions, Inc.*, *et. al.*, 1:26-MC-00416

Letter-Motion for Pre-Motion Discovery Conference re Motion to Quash or Limit Subpoenas to Epiq eDiscovery Solutions, Inc.

Your Honor:

We represent Movant Lisa Chi ("Movant" or "Ms. Chi") in the captioned miscellaneous case and in an action brought by her former employer, Arhaus, LLC ("Arhaus"), pending in the Northern District of California, styled *Arhaus, LLC v. Lisa Chi*, Case No. 25-cv-06233-JD (N.D. Cal.).

Arhaus has served two subpoenas on non-party Epiq eDiscovery Solutions, Inc. ("Epiq"), a forensic eDiscovery provider retained by Ms. Chi's counsel in anticipation of litigation. Pursuant to Local Civil Rule 37.2,[1] Ms. Chi requests a pre-motion conference in advance of a motion under Fed. R. Civ. P. 45(d)(3) to quash or limit the subpoenas to protect attorney work product and attorney-client privileged information. *See, e.g.*, *Chazin v. Lieberman*, 129 F.R.D. 97, 98 (S.D.N.Y. 1990) (party with personal right or privilege has standing to move to quash subpoena directed to non-party). Ms. Chi respectfully requests that the Court stay compliance pending resolution of the dispute.

On August 13, 2026, the parties met and conferred and were unable to resolve their dispute. Ms. Chi is concurrently seeking a protective order from the issuing court. As the compliance court, this Court is the proper venue for a motion to quash.

## I. Background

Ms. Chi was the Chief Merchandising Officer at Arhaus until May 16, 2025, when she resigned to accept a position at a competitor, RH. (*Arhaus, LLC v. Lisa Chi*, ECF 40 ¶¶ 25-28.) During her tenure at Arhaus, Ms. Chi used two Arhaus-issued devices: an iPad and a MacBook. (ECF 28-1 ¶¶ 7-9.) The practice at Arhaus was that employees often shared documents through

[1] Local Civil Rule 37.2 reads in relevant part, "no motion under Fed. R. Civ. P. 26 through 37 inclusive and Fed. R. Civ. P. 45 will be heard unless counsel for the moving party has first requested an informal conference with the court by letter-motion for a premotion discovery conference and that request has either been denied or the discovery dispute has not been resolved as a consequence of the conference."

personal cloud-based accounts and email addresses. The result: Ms. Chi's personal and business data were intermingled.

Immediately after her resignation, Ms. Chi retained counsel, Sheppard Mullin, who in turn retained Epiq, an eDiscovery vendor. Six months earlier, Arhaus settled litigation it had brought against RH. On May 23, 2025, Arhaus's outside counsel sent a letter to Ms. Chi contending that she had "improperly accessed Arhaus Confidential Information using a personal email account and stored Arhaus Confidential Information in Google Docs," expressing "serious concerns regarding [her] potential misappropriation of Arhaus Confidential Information," and putting her on notice of potential legal action against her. (ECF 17-2 at 2-3.)

On May 27, 2025, at the direction of counsel, Epiq imaged the iPad and MacBook. On May 29, Ms. Chi sent the Arhaus devices to Epiq. After remediation and further imaging, Epiq deleted the data from the devices and returned them to Arhaus. The iPad was returned on June 25 and the MacBook on July 28.

Arhaus's complaint alleges "on information and belief" that Ms. Chi has used or disclosed Arhaus trade secrets and confidential information at her new job. (ECF 40 ¶¶ 73-87.)

Pursuant to a stipulation and order, Ms. Chi has produced images created by Epiq from the Arhaus devices (MacBook Images 1 and 2 and iPad Images 1 and 2). (ECF 66.)

## II. Plaintiff Arhaus's subpoenas to Epiq

Arhaus has served two subpoenas on Epiq. The first demands the deposition of a corporate representative to testify regarding nine topics, including "all work performed" by Epiq, the "process" it used to do the forensic work directed by counsel, and "[a]ny reports and analysis" created by Epiq regarding that work. (Ex. A, Topics 1-6, 9.) The second demands documents that show "what, where, when, why, and how," including "metadata," such as "file name, file path, size, author, creation date, last modified date, [and] last person modifying," regarding the processes used by Epiq to do the work directed by counsel. (Ex. B, RFPs 1-5.)

## III. The Court should quash or limit the subpoenas.

Ms. Chi has provided the information necessary to authenticate the images provided to Arhaus's forensic consultant: the identities of the Epiq personnel who imaged the devices, hash values, chain-of-custody forms, how the devices and images were delivered, etc. If needed, Ms. Chi will stipulate to the foundation and authenticity of the documents, obviating any need for a deposition. There is no need to burden Epiq with a deposition and duplicative requests (RFP 6; Topics 7-8, 9 (hash value only)). The remaining requests seek attorney work product and attorney-client privileged information (Topics 1-6, 9 (reports); RFPs 1-5).

**Work Product:** Topics 1-6 and 9, as well as Requests 1-5 seek attorney work product. The work-product doctrine protects materials prepared by agents of an attorney in preparation for litigation. *See Am. Oversight v. U.S. Dep't of Just.*, 45 F.4th 579, 591 (2d Cir. 2022); *In re Ramaekers*, 33 F. Supp. 2d 312, 315 (S.D.N.Y 1999) (as the compliance court for a subpoena, applying Second Circuit law). Epiq was an eDiscovery vendor retained by counsel in anticipation

of litigation. All of Epiq's work imaging the Arhaus-issued devices was done after the letter from Arhaus's outside counsel raising a "prospect of litigation," i.e., a "series of events that reasonably could result in litigation." *Complex Sys. v. ABN AMRO Bank N.V.*, 279 F.R.D. 140, 146 (S.D.N.Y. 2011). Documents and testimony related to Epiq's "work performed," "reports or analysis," and the processes Epiq employed are protected work product (Topics 1-6, 9; RFPs 1-5). *See, e.g.*, *Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 78 (S.D.N.Y. 2010) (agent's methodology protected as work product); *Wisk Aero LLC v. Archer Aviation Inc.*, 2023 WL 4029892, at *6 (N.D. Cal. June 14, 2023) (forensic investigation conducted in anticipation of litigation was protected work product); *In re Experian Data Breach Litig.*, 2017 WL 4325583, at *2 (C.D. Cal. May 18, 2017) (report by forensics consultant protected by work-product doctrine).

Arhaus may argue that Epiq was retained only for a business purpose: to remove Arhaus materials from Ms. Chi's personal accounts. But the imaging was not necessary for such removal. And the removal of such materials was also driven by litigation concerns, given Arhaus's contentions about "potential misappropriation." Material qualifies for protection if it can "fairly be said to have been prepared or obtained because of the prospect of litigation," and dual-purpose material "does not lose protection under this formulation merely because it is created in order to assist with a business decision." *U.S. v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (internal quotes omitted). Given the history of litigation between the companies and Arhaus's letter, it can be fairly said the work was done "because of the prospect of litigation."

Arhaus cannot obtain this discovery based on its recent claim that Epiq somehow corrupted certain metadata. The sought-after materials are protected as they necessarily reflect counsel's litigation-directed decisions. *See, e.g.*, *Gucci Am.*, 271 F.R.D. at 78. To the extent that Arhaus contends that the materials are mere fact work product, it cannot show a "substantial need" or undue hardship necessary to overcome the protection. *In re Grand Jury Subpoena*, 510 F.3d 180, 186 (2d Cir. 2007). Arhaus has the before-and-after forensic images and can "hire their own expert" to evaluate them (and they have done so). *Experian*, 2017 WL 4325583, at *3. Moreover, the issues in this case are whether Ms. Chi used or disclosed Arhaus information. Whether the imaging process corrupted the metadata or not, Arhaus can obtain discovery on those issues through other means. *See, e.g.*, *In re Target Corp. Customer Data Sec. Breach Litig.*, 2015 WL 6777384, at *3 (D. Minn. Oct. 23, 2015) (no substantial need for forensic eDiscovery investigators' work product; defendants had produced "documents and other tangible things, including forensic images" allowing plaintiffs to learn about data breach incident).

**Attorney-Client Privilege:** The attorney-client privilege extends to agents hired to assist an attorney render legal advice. *See United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961). In addition to the work product itself, Arhaus seeks testimony regarding "[a]ny work performed by Epiq" and "Documents and/or Communications" to identify the processes used by Epiq, which necessarily encompass attorney-client privileged communications. (Topic 1, RFPs 1-5.) Other than the materials Ms. Chi has provided, there will be little to no non-cumulative, non-privileged relevant materials responsive to Arhaus's demands.

* * *

The Court should quash the subpoena. Arhaus already has the images, and Ms. Chi has provided documents necessary to authenticate that those images are the ones created by Epiq. The other

materials and testimony sought by the subpoena are protected by the work-product doctrine and the attorney-client privilege. For these reasons, as set forth in more detail above, we respectfully request a pre-motion conference pursuant to Local Civil Rule 37.2.

Respectfully submitted,

*/s/Andrew T. Solomon*

Andrew T. Solomon

Attachments (2)

cc by email:

Christina J. Moser
Baker & Hostetler LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
(216) 621-0200
Email: cmoser@bakerlaw.com

Ruth Hartman
Baker & Hostetler LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
216-861-7309
Email: rhartman@bakerlaw.com

*Attorneys for Arhaus, LLC*

Sean Paul Gates
Illovsky Gates & Calia LLP
155 N. Lake Ave., Suite 800
Pasadena, CA 91101
626-508-1715
Email: sean@illovskygates.com

*Attorneys for Lisa Chi*

Daniel Turinsky
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
212-335-4566
daniel.turinsky@us.dlapiper.com

*Attorneys for Epiq eDiscovery Solutions, Inc.*