UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA CHI,<br><br>Applicant,<br><br>-against-<br><br>ARHAUS, LLC, *et al.*,<br><br>Respondents. | 26-MC-416 (VSB)<br><br>[Arising from N.D. Cal. No. 25-cv-06233]<br><br>**ORDER** |

VERNON S. BRODERICK, United States District Judge:

I am in receipt of the motion of Applicant Lisa Chi to quash or limit the subpoenas of Respondent Arhaus, LLC, (Doc. 1), and the joint letter filed by the parties on August 28, 2026 providing the parties' respective positions on the motion, (Doc. 4).

"Federal Rule of Civil Procedure 45(f) permits a court to transfer subpoena-related motions to the court where the underlying action is pending 'if the person subject to the subpoena consents or if the court finds exceptional circumstances.'" *Drummond Co., Inc. v. VICE Media LLC*, No. 21-MC-859, 2022 WL 445681, at *2 (S.D.N.Y. Feb. 14, 2022) (quoting Fed. R. Civ. P. 45(f)). "The Advisory Committee's 2013 Note to Rule 45(f) suggests that '[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas' but that '[i]n some circumstances . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.'" *Hilb Grp. of New York, LLC v. Associated Agencies, Inc.*, No. 23-MC-264, 2023 WL 5183690, at *1 (S.D.N.Y. Aug. 10, 2023) (quoting Fed. R. Civ. P. 45 Advisory Committee's Notes to 2013

Amendment).

Here, I find that transfer to the Northern District of California is appropriate. The case in the Northern District of California (the "California Action") has been pending for more than a year. *See Arhaus, LLC v. Lisa Chi*, Doc. 1, No. 25-cv-06233 (July 24, 2025, N.D. Cal.). The parties have filed motions in the California action seeking relief overlapping, if not coextensive, with that sought in this action before me. (*See* Docs. 83–84, No. 25-cv-06233.) Judge James Donato in the California Action has already issued a ruling directing the parties to "meet and confer by September 14, 2026, on the production of documents and information sufficient to disclose: (1) whether defendant Chi accessed Arhaus files after May 16, 2025; and (2) the specific data and metadata Epiq deleted from the Arhaus devices it received from Chi." (Doc. 86, No. 25-cv-06233.) The parties put forward no argument as to why a ruling from me on this issue would be beneficial or why I am better positioned than Judge Donato to adjudicate these issues that have been pending before him for over a year. (*But see* Doc. 84 at 2 n.1, No. 25-cv-06233 ("Epiq objected to Arhaus' original subpoenas which called for compliance in San Francisco, contending the subpoenas should be issued in SDNY (even though the events related to the Arhaus devices took place in San Francisco and Phoenix).").) Indeed, Applicant merely argues that I should "adopt[] the California court's ruling, or (at minimum) transfer the matter to California," in the parties' joint letter brief. (Doc. 4 at 1.)

The California Court's familiarity with the background of the case means that it is "best-positioned to address the subpoena." *Hilb Grp. of New York, LLC*, 2023 WL 5183690, at *1 (quoting *Full Circle United, LLC v. Bay Tek Ent., Inc.*, 581 F. Supp. 3d 523, 525 (S.D.N.Y. 2022)). Depending on what other discovery rulings take place in the California Action, there may also be a risk of inconsistent rulings were I to pass on those issues contemplated by the

motion to quash, and, furthermore, given Judge Donato's initial ruling at Doc. 86 in the California Action, it is clear that any substantive ruling by me on this issue short of adopting the California court's ruling verbatim already raises a risk of inconsistent rulings. *See EB Holdings II, Inc. v. Am. Int'l Grp., Inc.*, No. 22-MC-70, 2022 WL 748098, at *1 (S.D.N.Y. Mar. 11, 2022) (transferring case where there was "a risk of inconsistent ruling regarding the discoverability of the categories of documents at issue"). Courts in this District have transferred motions to quash in similar circumstances, where the issuing court is most familiar with the underlying facts, has already overseen a period of discovery, and there is a risk of inconsistent rulings. *See, e.g.*, *Hilb Grp. of New York, LLC*, 2023 WL 5183690, at *1 (finding the issuing court "best positioned to adjudicate the enforcement of this subpoena" given ongoing proceedings there); *Full Circle*, 581 F. Supp. 3d at 525 (transferring case where "discovery ha[d] been ongoing" in the issuing court); *Abercrombie & Fitch Trading, Co. v. Beauty Encounter, Inc.*, No. 24-MC-9, 2024 WL 308097, at *2 (S.D.N.Y. Jan. 26, 2024) (finding exceptional circumstances warranting transfer where the "issuing court [was] intimately familiar with the history and complex facts of the current litigation" (internal quotation marks omitted)).

Accordingly, Plaintiff's Transfer Motion is GRANTED, and the Quash Motion is TRANSFERRED to the issuing Court in the Northern District of California to be considered in connection with *Arhaus, LLC v. Lisa Chi*, No. 25-cv-06233 (N.D. Cal., filed July 24, 2025).

To minimize any delay, I waive the seven-day waiting period set forth in Local Rule 83.1.

The Clerk of Court is respectfully directed to terminate the pending motions at Doc. 1 and close the case.

SO ORDERED.
Dated: September 10, 2026
New York, New York

Vernon S. Broderick
United States District Judge